

**Jardim, Meisner & Susser, P.C.**
ATTORNEYS AT LAW

New Jersey
30B Vreeland Road
Suite 201
Florham Park, NJ 07932
office: (973) 845-7640
fax: (973) 845-7645

New York
420 Lexington Avenue
Suite 300-19
New York, NY 10170
office: (646) 205-8038

December 26, 2017

**Via ECF**
Hon. P. Kevin Castel, U.S.D.J.
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

>   RE:   Charles J. McCarthy v. One Up Games LLC, et. al.
>         Docket No. 1:17-cv-03924-PKC
>
>   **Pre-Motion Letter**

Dear Judge Castel:

This firm represents the Plaintiff, Charles McCarthy, in the above referenced matter.

Plaintiff seeks to file a motion to enforce the parties' Settlement Agreement and for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1132(g), ERISA 502(g). Pursuant to Your Honor's individual rules, Plaintiff submits this pre-motion letter and requests a briefing schedule.

By way of background, Plaintiff and Defendants (One Up Games, LLC, One Up Sports, Daren Trousdell, Omar Rizvi) executed a settlement agreement in July 2017. The settlement agreement required Defendants to pay $16,300 in three equal installments of $5,433, with the first installment being due on October 1, 2017; the second being due on November 1, 2017; and the third being due on December 1, 2017. Unfortunately, Defendants only made a $2,500 payment in October. They have made no other payments since then. Thus, there is no question that Defendants breached the parties' Settlement Agreement.

Courts have long held that "Settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Red Ball Interior Demolition Coro. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999). Thus, when evaluating the parties' intent, the words and phrases used in a settlement agreement "are given their plain meaning." *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996). Here, there is no question that the parties executed a Settlement Agreement, which required that Defendants pay certain sums by certain dates. Defendants breach the Settlement Agreement by defaulting on their obligations and are delinquent in the amount of $13,800.00.

McCarthy v. One Up Games LLC<br>
Docket No. 1:17-cv-03924-PKC<br>
Pre-Motion letter<br>
December 26, 2017<br>
Page 2 of 2

---

In addition to enforcement of the Settlement Agreement, Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1). In ERISA cases such as this where plaintiffs seek enforcement of a settlement after defendants delay payment, courts have not hesitated to award attorneys' fees and costs. See *Funk v. CIGNA Group Ins.*, 2012 U.S. Dist. LEXIS 34108 at * 4-12 (D.N.J. Mar. 14, 2012); *Estate of Cencula v. John Alden Life Ins. Co.*, 174 F. Supp. 2d 794, 801-02 (N.D. Ill. 2001); *Tyler v. Ploof Truck Lines, Inc.*, 1999 U.S. Dist. LEXIS 16247 (M.D. Ala. Sept. 17, 1999).

Given the narrow scope of the issues, Plaintiff proposes a briefing schedule as follows:

> January 15, 2018: Deadline for Plaintiff to file motion
> January 29, 2018: Deadline for Defendants to file opposition
> February 5, 2018: Deadline for Plaintiff to file reply

We thank the Court for its gracious courtesies.

Very truly yours,

Richard S. Meisner

cc: Daren Trousdell (via email at daren@darentrousdell.com)
Omar Rizvi (via email at omarrizvi8@gmail.com)
Vanessa Willacy (via USPS Regular Mail)