

# Jardim, Meisner & Susser, P.C.
ATTORNEYS AT LAW

| New Jersey | New York |
| --- | --- |
| 30B Vreeland Road | 420 Lexington Avenue |
| Suite 201 | Suite 300-19 |
| Florham Park, NJ 07932 | New York, NY 10170 |
| office: (973) 845-7640 | office: (646) 205-8038 |
| fax: (973) 845-7645 | |

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-5-18

December 26, 2017

**Via ECF**
Hon. P. Kevin Castel, U.S.D.J.
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

*File motion by Jan 19.*
*Response due Feby 2.*
*Reply due Feby 9.*

SO ORDERED
[signature]
USDJ
1-3-18

RE: **Charles J. McCarthy v. One Up Games LLC, et. al.**
Docket No. 1:17-cv-03924-PKC

**Pre-Motion Letter**

Dear Judge Castel:

This firm represents the Plaintiff, Charles McCarthy, in the above referenced matter.

Plaintiff seeks to file a motion to enforce the parties' Settlement Agreement and for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1132(g), ERISA 502(g). Pursuant to Your Honor's individual rules, Plaintiff submits this pre-motion letter and requests a briefing schedule.

By way of background, Plaintiff and Defendants (One Up Games, LLC, One Up Sports, Daren Trousdell, Omar Rizvi) executed a settlement agreement in July 2017. The settlement agreement required Defendants to pay $16,300 in three equal installments of $5,433, with the first installment being due on October 1, 2017; the second being due on November 1, 2017; and the third being due on December 1, 2017. Unfortunately, Defendants only made a $2,500 payment in October. They have made no other payments since then. Thus, there is no question that Defendants breached the parties' Settlement Agreement.

Courts have long held that "Settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Red Ball Interior Demolition Coro. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999). Thus, when evaluating the parties' intent, the words and phrases used in a settlement agreement "are given their plain meaning." *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996). Here, there is no question that the parties executed a Settlement Agreement, which required that Defendants pay certain sums by certain dates. Defendants breach the Settlement Agreement by defaulting on their obligations and are delinquent in the amount of $13,800.00.

McCarthy v. One Up Games LLC
Docket No. 1:17-cv-03924-PKC
Pre-Motion letter
December 26, 2017
Page 2 of 2

In addition to enforcement of the Settlement Agreement, Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1). In ERISA cases such as this where plaintiffs seek enforcement of a settlement after defendants delay payment, courts have not hesitated to award attorneys' fees and costs. See *Funk v. CIGNA Group Ins.*, 2012 U.S. Dist. LEXIS 34108 at * 4-12 (D.N.J. Mar. 14, 2012); *Estate of Cencula v. John Alden Life Ins. Co.*, 174 F. Supp. 2d 794, 801-02 (N.D. Ill. 2001); *Tyler v. Ploof Truck Lines, Inc.*, 1999 U.S. Dist. LEXIS 16247 (M.D. Ala. Sept. 17, 1999).

Given the narrow scope of the issues, Plaintiff proposes a briefing schedule as follows:

> January 15, 2018: Deadline for Plaintiff to file motion
> January 29, 2018: Deadline for Defendants to file opposition
> February 5, 2018: Deadline for Plaintiff to file reply

We thank the Court for its gracious courtesies.

Very truly yours,

Richard S. Meisner

cc: Daren Trousdell (via email at daren@darentrousdell.com)
    Omar Rizvi (via email at omarrizvi8@gmail.com)
    Vanessa Willacy (via USPS Regular Mail)