

**New Jersey**
30B Vreeland Road
Suite 201
Florham Park, NJ 07932
office: (973) 845-7640
fax: (973) 845-7645

**New York**
420 Lexington Avenue
Suite 300-19
New York, NY 10170
office: (646) 205-8038

February 9, 2018

**Via Email and USPS Mail**
Hon. P. Kevin Castel, U.S.D.J.
United States District Court
United States Courthouse
500 Pearl Street
New York, New York  10007

      RE:   **Charles J. McCarthy v. One Up Games LLC, et. al.**
             **Docket No. 1:17-cv-03924-PKC**

             **Letter Reply Brief**

Dear Judge Castel:

This firm represents the Plaintiff, Charles McCarthy, in the above referenced matter. Please accept this letter reply brief in lieu of a more formal brief in response to Defendants' undated opposition letter brief.

Defendants make numerous claims that are baseless and lack merit. Furthermore, Defendants do not address any of the arguments set forth in Plaintiff's brief in support of the motion to enforce the settlement agreement and for attorneys' fees and costs.

First, Defendants claim that Mr. Rizvi and Mrs. Willacy "are and were never appointed directors or officers of the company." This claim is contradicted by the information published on the internet. One Up Sports LLC's website stated that Mr.

Case 1:17-cv-03924-PKC   Document 23   Filed 02/09/18   Page 2 of 4

McCarthy v. One Up Games LLC
Docket No. 1:17-cv-03924-PKC
Reply Letter Brief
February 9, 2018
Page 2 of 4

Rizvi was One Up Sports LLC's Chief Financial Officer. (See Declaration of Richard S. Meisner ["Meisner Decl."], at ¶ 3 and Exhibit "A" annexed thereto.) Several websites corroborate that information. (See Meisner Decl. at ¶¶ 4-5 and Exhibits "B" and "C" annexed thereto.) Additionally, Mrs. Willacy's *curriculum vitae* on her **personal website** state that Ms. Willacy was One Up Sports LLC's Executive Vice President. (Meisner Decl. at ¶ 6 and Exhibit "D" annexed thereto.)

Second, Defendants claim that neither Mr. Rizvi nor Mrs. Willacy should be personally named. Again, there is no merit to this claim. The Employee Retirement Income Security Act ("ERISA") imposes personal liability on fiduciaries to make good any loss or to restore any profits resulting from fiduciary breach. ERISA § 409, 29 U.S.C. §1109. See, e.g., *In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745, 758 (S.D.N.Y. 2003) (recognizing that ERISA fiduciaries will be personally liable for breach of their fiduciary duties); *Gearren v. McGraw-Hill Cos.*, 690 F.Supp.2d 254, 261 (2010) (same). Additionally, corporate directors and officers can be held liable for breach of a co-fiduciary (e.g. the company). ERISA § 405, 29 U.S.C. §1105. Fiduciary duties under ERISA "are the highest known to law." *Donovan v. Bierworth*, 680 F.2d 263, 271 (2d Cir.), *Decl. denied*, 459 U.S. 1069 (1982). In summary, the ERISA statute make it crystal clear that, as corporate officers, both Mr. Rizvi and Mrs. Willacy are personally liable for plan losses.

As set forth in the Complaint (Dkt 1), Defendants administered an employee benefit plan, subject to ERISA, that provided medical insurance benefits. Defendants caused money to be subtracted from Plaintiff's earned wages, as benefit plan deductions for health insurance benefits. Defendants pocketed that money, for themselves, allowed the medical insurance policy to terminate, leaving Plaintiff without insurance **and** without any knowledge that his insurance had lapsed. Plaintiff was diagnosed with cancer, without coverage, and now owes hundreds of thousands of dollars in medical bills. (Meisner Decl. at ¶ 7.) Plaintiff is inundated with calls from collection agents.

<u>Third</u>, Defendants now claim that they should be given an opportunity to go back to the negotiation table. Defendants cite no caselaw to support their position. Instead, they claim that they were "bullied" into signing the Settlement Agreement. There is no merit to this. During negotiations through email and on the telephone, Plaintiff's counsel advised Defendants Trousdell and Rizvi to retain an attorney with expertise in ERISA. (Meisner Decl. at ¶ 8.) Defendants chose not to do so. Moreover, during settlement discussions, the parties revised the Settlement Agreement several times. Plaintiff revised the Settlement Agreement per Defendants' suggestions; and Defendants made additional changes, which Plaintiff agreed to, before it was finally executed. (Meisner Decl. at ¶ 9 and Exhibit "E.")

---

There is no defense to failing to comply with a settlement agreement that Defendants voluntarily entered into. "Settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Red Ball Interior Demolition Coro. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999).

For the reasons set forth above and in Plaintiff's moving papers, the settlement should be enforced; judgment should be entered in favor of Plaintiff and against all Defendants; and attorneys' fees and costs should be awarded to Plaintiff.

Respectfully yours,

Richard S. Meisner

cc: Daren Trousdell (via email at daren@darentrousdell.com)
Omar Rizvi (via email at omarrizvi8@gmail.com)